# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2632

_____

United States of America,        *
                                  *

        Appellee,            *

                                  *   Appeal from the United States
        v.                 *   District Court for the
                                  *   Western District of Arkansas.

Richard Eugene Everman, Jr., also   *
known as Eugene Richard Everman, Jr., *

                                  *

        Appellant.          *

_____

Submitted:  March 11, 2008
Filed:  June 11, 2008

_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Richard Eugene Everman, Jr., pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Having reserved his right to do so, Everman appeals from the district court's[1] denial of his motion to suppress his statement and the firearm seized from his vehicle on the ground that the statement was obtained in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).  We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

## I.  Background

On December 1, 2006, two National Park Service rangers patrolling Buffalo National River observed a pickup truck parked at a trail head.  They noticed that its license plate had been expired for more than a year.  They then saw Everman walking toward them from the trail.  Everman explained that he had recently purchased the pickup and had not yet renewed the license.  A second man then approached from the same trail, whereupon the rangers requested identification from both men and ran criminal history checks on them.  Both men had a criminal record, and Everman had an outstanding warrant from Georgia for a probation violation and failure to pay restitution.  When the rangers learned of the warrant, they asked the second man to stand apart from Everman.  One ranger then placed Everman, who was standing within touching distance of the pickup, in handcuffs and began searching him.  At the same time, the other ranger asked Everman if he had any weapons.  Everman replied that he had a pistol in the backpack in the pickup's cab.  That ranger then requested and received Everman's permission to retrieve the pistol and found the gun where Everman said it was located.  The rangers did not give Everman his Miranda warnings until after these events had occurred.  Everman and his companion remained cooperative throughout the entire episode, and the companion was permitted to remain with the pickup following the rangers' departure with Everman in their custody.

## II.  Discussion

Everman argues that his statement that he had a gun in his vehicle should be suppressed because it was obtained before he received Miranda warnings. See United States v. Withorn, 204 F.3d 790, 796 (8th Cir. 2000) (citing Miranda, 384 U.S. at 444).  The government contends that the public safety exception to Miranda, announced in New York v. Quarles, 467 U.S. 649 (1984), excuses the violation.  Whether an exception to Miranda applies to a given set of facts is a question of law that we review *de novo*.  United States v. Liddell, 517 F.3d 1007, 1009 (8th Cir.

2008).  We review for clear error the district court's findings of fact.  United States v. Flores, 474 F.3d 1100, 1103 (8th Cir. 2007).

Under the public safety exception, a suspect's answer may be admitted into evidence if it was obtained in response to a question asked in furtherance of public safety and not designed solely to solicit testimonial evidence, even if Miranda warnings had not yet been given.  Quarles, 467 U.S. at 655-56, 659 & n.8; see United States v. Williams, 181 F.3d 945, 954 n.13 (8th Cir. 1999).  The exception does not depend upon the questioning officers' subjective motivation.  Rather, it is judged under an objective standard and "applies when 'police officers ask questions reasonably prompted by a concern for the public safety.'"  Liddell, 517 F.3d at 1009 (quoting Quarles, 467 U.S. at 656).  The public to be protected can include the officers themselves.  Id. (citing Quarles, 467 U.S. at 658 n.7, 659).

In Liddell, the defendant was charged with being a felon in possession and moved to suppress his statement that he knew a gun was in his car.  517 F.3d at 1008.  Liddell had been pulled over for a minor traffic infraction, and the check on his driver's license revealed that he was not permitted to drive in that state.  Id.  Liddell was handcuffed, searched, and placed in the patrol vehicle while the officers searched his vehicle.  Id.  There were no persons nearby other than the officers.  Id. at 1009.  Upon discovering an unloaded pistol in Liddell's car, the officers asked him if there was anything else in the car that they needed to know about that could hurt them.  Id. at 1008.  Liddell, who had not yet received his Miranda warnings, responded in part by stating that he knew that the gun was in the car.  Id.  In holding that the statement was admissible under the public safety exception, we stated:

> Our prior cases recognized that the risk of police officers being injured
> by the mishandling of unknown firearms or drug paraphernalia provides

a sufficient public safety basis to ask a suspect who has been arrested and secured whether there are weapons or contraband in a car or apartment that the police are about to search.

Id. at 1009-10.

Similarly, in United States v. Luker, 395 F.3d 830 (8th Cir. 2005), we held that the public safety exception applied when the arresting officers, who were aware of the suspect's history of methamphetamine use, asked the suspect before searching his vehicle whether there was anything in it that was not supposed to be there or that could hurt them. Id. at 831-32. The suspect responded that his shotgun was in the trunk. Id. at 832. Likewise, we have held that the danger posed by the possibility that other persons were present or might arrive during the event can support the application of the public safety exemption. Williams, 181 F.3d at 953-54.

The facts of this case fall within the scope of the foregoing holdings. The rangers knew that Everman had an associate nearby. The rangers were in a remote and isolated area with two men with known criminal records. That Everman and his companion remained cooperative throughout the encounter is irrelevant, for arresting officers are not required to assume that their encounter with suspects will remain nonconfrontational throughout the duration of the event. Accordingly, we conclude that the question asked of Everman was reasonably prompted by a concern for the public safety and that the district court thus did not err in denying the motion to suppress.

In light of this holding, we need not address the government's contention that, as the district court alternatively held, the search was independently valid because Everman knowingly and voluntarily consented to the search and the search was conducted incident to a valid arrest.

The judgment is affirmed.

_____